In the United States District Court
For the District of Massachusetts

Gregory Fisher

v.

Sheriff Thomas Hodgeson
Bristol County Sheriffs Dept.
Bristol County House of Corrections
H.O.C. Superintendent Mr. Peter Perrincello
Anthony Mastromarino, Attorney at Law

FILED
IN CLERKS OFFICE

2004 JAN -8 P 1:40

U.S. DISTRICT COURT
DISTRICT OF MASS.

04  10111  MLP

GAO

Civil Action No.

SCANNED
DATE: 1/16/04
BY: TDM

I. Complaint

1. Gregory Fisher, pro se, for his complaint state as follows:

II. Parties, Jurisdictions and Venue

2. Plaintiff Gregory Fisher was confined as a pretrial detainee in the Bristol County Sheriffs Ash Street facility located 226 Ash Street in the city of NewBedford in the State of Massachusetts from May 26th of 2002 to October 7th, 2002. Plaintiff is currently confined at the Bristol County Dartmouth House of Corrections, 400 Faunce Corner Road, North Dartmouth Massachusetts 02747

3. Plaintiff Gregory Fisher is and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of Massachusetts.

4. Defendant Thomas Hodgeson was at all times herein the Sheriff of Bristol County and head of the House of Corrections of Bristol County with responsibility for operating and maintaining detention, penal and corrective institutions within Bristol County.

5. Defendant Peter Perrincello, Superintendent for all Bristol County detention

penal and corrective institutions including the city jails, and was Superintendent at all relevant times herein. Defendant manages its day to day operations.

6. Anthony Mastromarino Defendant and attorney was at all times herein an attorney at law working through the Bristol County Public defenders.

7. Defendant Bristol County Sheriffs Department is and was at all times a municipal corporation of the State of Massachusetts and the County of Bristol.

8. Defendant Bristol County House of Corrections is and was at all times a municipal corporation of the State of Massachusetts and the County of Bristol responsible for housing and holding detention, penal and corrective inmates resulting from detention determinations of the Bristol County Courts.

9. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of law, of rights guaranteed by the Sixth, First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

10. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

11. This cause of action arose in the Eastern District of Massachusetts. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

### III. Previous Lawsuits by Plaintiff

12. Plaintiff has filed no other lawsuit dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## IV. Exhaustion of Administrative Remedies

13. There was no prison grievance procedure in the institution, all my written complaints to facility authorities in Ash St. were never responded to after October 7th, 02 in the Dartmooth facility it was policy that without an open Massachusetts case inmates were not allowed to use the law library and a non-grievable issue.

## V. Statement of Claim

14. Plaintiff Gregory Fisher reallege and incorporate by reference paragraphs 1 through 13 herein.

15. At all relevant times herein, defendants was "person" for purposes of 42 U.S.C. Section 1983 and acted under colour of law to deprive plaintiff Gregory Fisher of his constitutional rights, as set forth more fully below.

## VI. Statement of Facts

1. Plaintiff Gregory Fisher was unable to aid himself in his defense due to the Bristol County Ash Street facility having no law library access available to pre-trial detainees thru May 2002 to December of 2002.

2. Plaintiff Gregory Fisher was unable to address the matter to facility due to there being no grievance program and administration ignoring all written requests.

3. Plaintiff Gregory Fisher was not aided, informed or filed for any post conviction rights or remedies (ie. appeal, revise and revoke etc) by his Attorney Anthony Mastromarino and every request for information or aid was summarily refused or ignored with full knowledge of there being no legal access or remedies available in Bristol County's House of Corrections clearly and freely violating plaintiff's rights.

4. Plaintiff Gregory Fisher suffered actual injury due to ruling by Superintendant Pennello that without an open case inmates could not use the law library and due to Attorney Anthony Mastromarino not informing or filing an appeal for Plaintiff, Gregory Fisher's rights were clearly violated disallowing him usage of the law library.

5. At present the law library at the Bristol County House of Corrections Dartmouth facility has been abolished altogether. Only the secured housing unit and Immigration and Naturalization detainees have a single terminal with Lexis-Nexis programed on it. Any and all legal access is absolutely unavailable to Plaintiff Gregory Fisher at the present time.

## VII   Prayer for Relief

16. Plaintiff requests $750,000 as compensatory damages.

17. Plaintiff Gregory Fisher requests an injunction compelling defendants to provide legal facilities which are adequate to all detainees and inmates

18. Plaintiff Gregory Fisher seeks trial by jury.

Signed this day of January 2nd 2004

*[signature]*
GREGORY FISHER

I declare under penalty of perjury that the foregoing is true and correct

Gregory Fisher

January 2nd, 04

AO 240 (Rev 9/96)

# UNITED STATES DISTRICT COURT

District of _____

ATTACHMENT 5

_____ Plaintiff

V.

_____ Defendant

APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER: 04 10111 GAO

SCANNED DATE: 1/16/04 BY: Fax

RECEIVED JAN 8 2004

FILED Clerk's Office USDC, Mass Date 1-16-04 to open. By _____ Deputy Clerk

I, **Gregory Fisher**, declare that I am the (check appropriate box)

[✓] petitioner/plaintiff/movant     [ ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?   [✓] Yes   [ ] No   (If "No," go to Part 2)

   If "Yes," state the place of your incarceration **Bristol Co**

   Are you employed at the institution? _____   Do you receive any payment from the _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?   [ ] Yes   [✓] No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
   **Aug. 2002 @ 66 Hertel Avenue Client Logic Approx 16K annual**

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment         [ ] Yes   [✓] No
   b. Rent payments, interest or dividends                  [ ] Yes   [✓] No
   c. Pensions, annuities or life insurance payments        [ ] Yes   [✓] No
   d. Disability or workers compensation payments           [ ] Yes   [✓] No
   e. Gifts or inheritances                                 [ ] Yes   [✓] No
   f. Any other sources                                     [ ] Yes   [✓] No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

DOCKETED