```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

GREGORY FISHER,               )
          Plaintiff,          )
                              )
     v.                       ) C.A. No. 04-10111-GAO
                              )
                              )
SHERIFF THOMAS HODGSON, et al.,)
          Defendants.         )
```

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, plaintiff's motion for appointment of counsel is granted and plaintiff's claims against the Bristol County House of Correction and his former defense counsel are dismissed.

FACTS

On January 8, 2004, plaintiff Gregory Fisher, an inmate now confined at the Bristol County Jail and House of Correction in North Dartmouth, Massachusetts (the "Dartmouth Facility"), filed a complaint against the defendants claiming that his civil rights have been violated by (1) his lack of library access while being detained as a pre-trial detainee at the Bristol County Jail and House of Correction in New Bedford (the "New Bedford Facility"); (2) the purported ineffective assistance of his criminal defense attorney; and (3) his current inability to access the law library at the Dartmouth Facility. Complaint ("Compl.") p. 3-4. Fisher names (1) Thomas Hodgson, the Sheriff of Bristol County; (2) the Bristol

County Sheriff's Department; (3) the Bristol County House of Correction (presumably referring to both facilities); (4) Peter Perrincello, the Superintendent of the Dartmouth Facility; and (4) Anthony Mastromarino, his defense counsel as defendants.  He contends that he suffered an "actual injury" due to his purported lack of access to the library and because his defense counsel failed to file an appeal of his criminal conviction.  Id. at p. 4.  Fisher seeks $750,000 in damages and an order directing the defendants to provide "adequate" legal facilities.  Id.

ANALYSIS

I.  The Court May Screen this Action
    Pursuant to Sections 1915 and 1915A

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA").  Pub.L. No. 104-134, 110 Stat. 1321 (1996).  Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim.  28 U.S.C. § 1915(e)(2)(b).  All prisoner actions directed against a governmental entity or officer also must be screened at the earliest practicable time, regardless of whether or not a prisoner litigant has paid the filing fee, for these same reasons.  28 U.S.C. § 1915A; cf. Neitzke v. Williams, 490 U.S.

319, 325 (1989) (defining frivolousness).

    II.  Section 1983 Claims

    Construing Fisher's complaint generously, see Haines v. Kerner, 404 U.S. 519, 520 (1972), it appears that he is attempting bring Section 1983 claims against the defendants.  In order to state a Section 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996) (citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992)).

    A.  The Claims Against Defendant Mastromarino

    Fisher alleges that Attorney Mastromarino, who apparently represented him at his criminal trial, failed to inform him of his post-conviction remedies and purportedly refused to assist Fisher in seeking such relief.  Fisher alleges that Mastromarino was an attorney "working through the Bristol County Public defenders."  Compl. ¶ 6.

    Public defendants are not state actors for purposes of Section 1983 because a public defender does not act under color of state law in performing a lawyer's traditional function as counsel to an indigent defendant.  See Polk County v. Dodson, 454 U.S. 313,

471 (1981) (public defender cannot be sued under § 1983 as an agent of the state); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (same). Thus, plaintiff's claims against defendant Mastromarino will be dismissed. Malachowski, 787 F.2d 704 at 710.

    B.   The New Bedford Facility

Under Federal Rule of Procedure 17(b), the capacity of a non-individual defendant to be sued is determined by state law. Fed. R. Civ. P. 17(b). Bristol County and its sheriff are responsible for the operation and maintenance of its jail. See Montgomery v. Rufo, No. 96-11557-GAO, 1998 WL 151233, at *1-*2 (D. Mass. Mar. 27, 1998) (Suffolk County); Mass Gen. Laws ch. 126, § 16 (sheriff has custody and control of the jails in his county).

Massachusetts law expressly provides that a county and its sheriff may be sued, but no statutory or case authority supports a direct action against the jail. Mass. Gen. Laws ch. 34, § 1 (stating that each county shall be a body politic and corporate for the purposes of suit); Mass. Gen. Laws ch. 37, § 10 (suits against sheriff); cf. Mass Gen. Laws ch. 126, § 4 (purpose of jails). For purposes of litigation, the Bristol County House of Correction is not a governmental entity, a legal subdivision of Bristol County, or a public body politic. Miller v.

4

<u>Suffolk County House of Correction</u>, No. Civ.A.01-11331-DPW, 2002 WL 31194866, at *4 (D. Mass. Sept. 27, 2002) (citations omitted).  Thus, I will dismiss Fisher's claims against the it.[1]  <u>Id.</u>

    III.  <u>The Motion to Appoint Counsel Is Granted</u>

Under Section 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  <u>Id.</u>

I have already determined that Fisher qualifies as indigent, and I have granted his application to proceed without prepayment of fees in separate order.[2]  To determine

---

[1] Moreover, even if I were to assume that the New Bedford Facility is a sueable entity, any theory of liability for the jail would be based on a theory of <u>respondeat superior</u> liability for the acts of individual employees, and there is no <u>respondeat superior</u> liability under Section 1983.  <u>See</u> <u>Polk County</u>, 454 U.S. at 325.  Further, other courts have also held that jails simply are not "persons" for purposes of Section 1983.  <u>See</u> <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail); <u>Woodley v. City of Richmond</u>, 932 F.2d 964, No. 90-6399, 1991 WL 77666, at *1 (4th Cir. May 15, 1991) (Richmond City jail).

[2] However, prisoner litigants may <u>not</u> have the filing fee waived in its entirety; they are only excused from having to

whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at 24 (citations omitted).

This case presents exceptional circumstances warranting the appointment of counsel.  I conclude that plaintiff has a reasonable chance of success for his claims based on his access to the courts.  Thus, plaintiff's request for appointment of counsel is granted.

## CONCLUSION

ACCORDINGLY,

(1) Plaintiff's claims against Anthony Mastromarino and the Bristol County House of Correction are dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A for the reasons stated above; and

(2) Plaintiff's motion for appointment of counsel is granted. Pursuant to this Court's Plan for the Appointment of Counsel for Indigent Parties in Civil Cases, this case shall be forwarded to the Pro Bono Coordinator for the purpose of attempting to locate volunteer counsel to represent Fisher in this

---

pay the entire filing fee up-front.  Thus, Fisher has been assessed an obligation to make payments towards the $150.00 filing fee when his prison account balance exceeds $10.00. See 28 U.S.C. § 1915(b)(1), (2).

action. If the Pro Bono Coordinator is unable to locate counsel, she may return the matter to me for reconsideration before any further action is taken.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>April</u>, 2004.

<u>s/ George A. O'Toole, Jr.</u>
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE