# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -8  A II: 50

### CA #: 04-10111 GAO

U.S. DISTRICT COURT
DISTRICT OF MASS

**GREGORY FISHER**
        **Plaintiff pro se,**

v.

**SHERIFF THOMAS HODGESON,**
**BRISTOL COUNTY SHERIFFS DEPT., and,**
**H.O.C. SUPERINTENDENT MR. PETER PERRINCELLO**
        **Defendants.**

## ANSWER AND JURY CLAIM

1.    To the extent that paragraph 1 contains allegations against the Defendants, the same are denied. The defendant denies that the plaintiff was confined in the particular facilities on the dates he alleges.

2.    The Defendants are without knowledge or belief sufficient to answer the allegations contained in paragraph 2.

3.    The Defendants are without knowledge or belief sufficient to answer the allegations contained in paragraph 3.

4.    Admitted that the Defendant Hodgeson is the Sheriff. To the extent that paragraph 4 contains allegations against the Defendants, the same are denied.

5.    Admitted that the Defendant Perrincello is currently the Superintendent. To the extent that paragraph 5 contains allegations against the Defendants, the same are denied.

6.    The Defendants are without knowledge or belief sufficient to answer the allegations contained in paragraph 6.

7.    Denied.

8.    Denied.

9.    To the extent that paragraph 9 contains allegations against the Defendants, the same are denied.

10.    To the extent that paragraph 10 contains allegations against the Defendants, the same are denied.

11.    To the extent that paragraph 11 contains allegations against the Defendants, the same are denied.

12.    The Defendants are without knowledge or belief sufficient to answer the allegations contained in paragraph 12.

13.    Denied.

14.    The Defendants restates the responses to paragraphs 1-13 as if specifically restated herein

15.    Denied.

16.    Pro Se Plaintiff's "statement of facts" paragraph #1. Denied.

17.    Pro Se Plaintiff's "statement of facts" paragraph #2 Denied.

18.    Pro Se Plaintiff's "statement of facts" paragraph #3 Denied.

19.    Pro Se Plaintiff's "statement of facts" paragraph #4 Denied.

20.    Pro Se Plaintiff's "statement of facts" paragraph #5 Denied.

Wherefore the defendant demands that the complaint be dismissed.

## AFFIRMATIVE DEFENSES

1. The plaintiff has failed to state a claim upon which relief can be granted.

2. The plaintiff is estopped by his own conduct and has no right of recovery.

3. The defendants are qualifiedly immune from liability to the plaintiff.

4. None of the acts alleged by the plaintiff amount to a constitutional or statutory federal or state violation.

5. The complaint is subject to dismissal pursuant to the Prison Litigation Reform Act, Pub. L. 104-134, §803(d)(196), 42 USC §1997(e) and 18 §3626 et seq., because the complaint fails in whole or in part to state a claim against the defendant upon which relief can be granted and seeks monetary relief from the defendant who is immune from such relief. The nature and scope of available relief is further circumscribed by statute.

6. If any unlawful or wrongful actions were taken against the plaintiff as alleged in the complaint, which the defendants expressly deny, then those unlawful actions were not taken in furtherance of any policy of the Bristol County Sheriff or Bristol County.

7. The Bristol County Sheriff's conduct, or that of his department, employees and/or Bristol County, did not amount to deliberate callous or indifference disregard of the plaintiff's constitutional rights.

8. The Bristol County Sheriff and any supervisors or employees were justified in his conduct and acts, and therefore, the defendants are not liable as alleged in the complaint.

9. The defendants' acts and conduct, to the extent they occurred as alleged, were undertaking in the good faith performance of official duties, without malice or deliberate indifference, and therefore were privileged under applicable law.

10. The defendants' actions did not rise to the level of a constitutional violation, and therefore, the plaintiff did not suffer any infringement of constitutional rights.

11. The plaintiff may not recover punitive damages against the defendant as it is immune from punitive damages under § 1983 claims. Newport v. Fact Concerts, Inc., 453 U.S. 247, 263 (1981)

## JURY DEMAND

The defendant demands a jury by trial on all issues, facts and claims so triable.

The Defendants,
By their Attorney,

Bradford N. Louison    BBO# 305755
Merrick, Louison & Costello, LLP
67 Batterymarch St.
Boston, Massachusetts 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the _15_ day of _July_ 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Gregory Fisher, # 120416 Bristol County Jail and House of Correction, 400 Faunce Corner Rd. North Dartmouth, MA 02747;

Bradford N. Louison